Jason D. Boren (#7816)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
borenj@ballardspahr.com

Lynn Rzonca (#86747) (*pro hac to be submitted*)
Christie L. Larochelle (#322620) (*pro hac to be submitted*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Philadelphia 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
rzoncal@ballardspahr.com
larochellec@ballardspahr.com

*Attorneys for Plaintiff, Kodiak Cakes LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KODIAK CAKES LLC,** | **COMPLAINT** |
| Plaintiff, | |
| v. | **Case No.:** |
| **CONTINENTAL MILLS, INC.,** | **Judge** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Kodiak Cakes LLC ("Kodiak"), by and through its undersigned counsel, avers as follows for its Complaint against defendant Continental Mills, Inc. ("Continental"):

## NATURE OF THE ACTION

1. This is an action for trade dress infringement and unfair competition in violation of the laws of the United States and the State of Utah. Kodiak seeks an injunction, damages, and related relief.

## JURISDICTION AND VENUE

2. This action arises under the Lanham Act, Title 15 of the United States Code, and, accordingly, jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. On information and belief, Continental transacts substantial business in this District. Continental sells products within this District (or causes them to be sold here), and it engages in infringing conduct to do so. In addition, on information and belief, Continental actively markets itself in this District by infringing Kodiak's trade dress.

4. This Court has personal jurisdiction over Continental because, on information and belief, Continental has purposefully directed its infringing activities to this District, and it has purposefully availed itself of the laws of the state of Utah. Continental also maintains an interactive website accessible in this District that prominently displays infringing material to consumers. Moreover, Continental has purposefully directed, and continues to purposefully direct, substantial and continuous sales of products to consumers in this District.

5. This Court also has personal jurisdiction and venue over Continental because, on information and belief, Continental knew about Kodiak's ownership of the Kodiak trade dress, knew that Kodiak was located in this District, and has engaged in and continues to engage in willful trade dress infringement directed against Kodiak. Continental knew and intended that the brunt of the harm to Kodiak's reputation from its willful infringement would be felt in this

District.

6. Venue is proper in the District under 28 U.S.C. § 1391, because, upon information and belief, and for the reasons set forth herein, a substantial part of the events and rights giving rise to this action occurred in and exist in this District. Venue is convenient in this District, as many key documents and witnesses reside in or near this District.

## THE PARTIES

7. Kodiak is a Delaware corporation with a principal place of business at 3247 Santa Fe Road, Park City, Utah 84098.

8. On information and belief, Continental is a Washington corporation with a principal place of business at 18100 Andover Park West, Tukwila, WA 98188.

## FACTUAL ALLEGATIONS

### Kodiak's Business and Trade Dress Rights in Its Pancake Mix Packaging

9. Kodiak is a leading manufacturer of high protein, whole grain pancake mixes, as well as other packaged prepared baked goods. Kodiak's products are available at grocery stores nationwide, as well as at other major retailers, such as Target and Costco.

10. Kodiak began business in 1982 as a small family operation. The recipe for Kodiak's pancake mix originated with the founders' mother, who sold the pancake mix, packaged in brown paper lunch bags, to friends and neighbors. In 1995, Kodiak began selling its pancake mix in stores. From the start, Kodiak developed a reputation for providing excellent quality, healthy pancake mixes.

11. Demand for the Kodiak pancake mixes grew steadily. In 2014, Kodiak appeared on *ABC's Shark Tank*. Since then, Kodiak's products and commercial success have been

recognized in both local and national news media and on social media.  Kodiak's products are sold at health food stores and major retailers like Target, Walmart, and Wegmans.

      12.     Kodiak created and sells its products using an inherently distinctive packaging design, an example of which is shown below:



      13.     Kodiak recently introduced a new packaging design that maintains the overall look and feel of the original packaging.  Both versions of the packaging are currently available for purchase at stores and online.  The updated packaging is shown below:



14.     Kodiak's protected trade dress in the appearance of its packaging includes, but is not limited to, a kraft box featuring a distinctive tan, red, black, and white color scheme characterized by: a light tan background color offset by a bold, full bleed black border; alternating use of serif and sans serif fonts; standout appearance of reference to "Protein Packed" and "Whole Grains."  Kodiak has used elements of the trade dress described above since at least as early as 1999.  Sales under the trade dress have been substantial.

15.     Kodiak has used the Kodiak Trade Dress in commerce.  The Kodiak Trade Dress is non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

### Continental's Business and Its Infringing Acts

16.     Like Kodiak, Continental sells packaged prepared baking mixes, including pancake mix.  Continental is a direct competitor of Kodiak.

17. Continental, without Kodiak's authority, is offering for sale within the United States packaged pancake mix that appropriates the design protected by Kodiak's trade dress. Continental offers these products for sale under the name "Krusteaz." Continental's infringing Krusteaz brand protein pancake mix packaging ("Krusteaz Protein Packaging") is shown below:

 

18. Like Kodiak's trade dress, Continental's Krusteaz Protein Packaging features a kraft box with the same tan-red-black-white color scheme. The Krusteaz Protein Packaging also includes other key design elements from Kodiak's distinctive trade dress including, but not limited to, the bold black border the red inlay, a combination of serif and sans serif fonts, and the prominent appearance of "Protein" and "Whole Grains."

19. On information and belief, Continental has engaged in an intentional campaign to duplicate the Kodiak Trade Dress.

20. Continental manufactures and sells a number of other types of Krusteaz brand pancake mix, all of which feature similar packaging that is markedly different from the Krusteaz

Protein Packaging it adopted for its protein pancake mix.  Examples of other Krusteaz pancake mix packages are shown below:



21.     All of Continental's Krusteaz brand pancake mix, with the exception of its protein pancake mix, have a distinctive trade dress which features: a glossy box with a photograph of pancakes; the Krusteaz name in red across the top of the box; and the name of the flavor of the mix in script font below the Krusteaz name.  The Krusteaz Protein Packaging does not feature any of these elements.  None of Continental's Krusteaz brand pancake mixes, except its protein pancake mix, feature kraft boxes with the distinctive tan-red-black-white color scheme that is the hallmark of the distinctive Kodiak Trade Dress.

22.     On information and belief, Continental first introduced its Krusteaz brand high protein pancake mix on or around August 2017.  When Continental first introduced the Krusteaz brand high protein pancake mix, its packaging was similar to the typical Krusteaz brand trade dress described above.  The packaging featured a glossy box with a photograph of pancakes; the Krusteaz name in red across the top of the box; and the name of the flavor of the mix below the Krusteaz name.  This version of the box is shown below:



23. On information and belief, Continental reformulated its Krusteaz brand protein pancake mix on or about July 2018. In addition to reformulating the mix, Continental redesigned the packaging to its new Krusteaz Protein Packaging design.

24. On information and belief, Continental intentionally redesigned its packaging to copy the look and feel of the Kodiak Trade Dress.

25. The appearance of Continental's pancake mix packaging is likely to cause confusion with the Kodiak Trade Dress. As shown below, Continental's packaging is substantially similar to both the new and old Kodiak packaging.





26.     Continental's use of the Kodiak Trade Dress has created actual confusion among consumers. Kodiak is aware of multiple instances of consumer confusion caused by the Continental packaging.

27.     The infringing similarity between the Kodiak and Continental packaging is further evident from the store display shown below.  Kodiak paid for a stand-alone display in a Kroger store in Salt Lake City, Utah.  This display was to include only Kodiak Cakes mixes.  But as shown, the near-identical look of the Continental packaging resulted in both mixes being presented as if they were the same, or related, resulting in even further consumer confusion.



28. Continental's continued use of Kodiak's Trade Dress will continue to create confusion.

29. Continental's actions establish that it has engaged in an intentional campaign to duplicate the Kodiak Trade Dress in an effort to usurp the significant goodwill associated with Kodiak's products.

30. On August 17, 2018, Kodiak's counsel sent a cease and desist letter to Continental notifying the company of Kodiak's rights, putting it on notice of their infringement of the Kodiak Trade Dress, and requesting that it immediately stop the infringing conduct. Continental responded on August 31, 2018 but refused to immediately cease its infringement of the Kodiak Trade Dress.

**FIRST CLAIM FOR RELIEF**
**(Federal Trade Dress Infringement, 15 U.S.C. § 1125)**

31. Kodiak realleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

32. Continental uses trade dress that is confusingly similar to the Kodiak Trade Dress. This constitutes false designation of origin and unfair competition.

33. Continental's use of the Kodiak Trade Dress was and is without Kodiak's consent.

34. By the acts and omissions set forth above, Continental is violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Continental's use of the Kodiak Trade Dress constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, which is likely to cause confusion, mistake, and to deceive by wrongly suggesting an affiliation, connection, or association between Continental's Krusteaz

brand pancake mix and Kodiak and its products. Such use by Continental is also likely to cause confusion, mistake, and to deceive as to origin, sponsorship, or approval of the Krusteaz brand protein pancake mix.

35. Continental has engaged and continues to engage in these activities knowingly, willfully, and in bad faith.

36. Continental's acts of trade dress infringement and false designation of origin, unless enjoined by this Court, are causing Kodiak to sustain, and will continue to cause it to sustain, irreparable injury, and Kodiak has no adequate remedy at law.

37. Continental has made and will continue to make substantial profits to which it is not, in law or equity, entitled.

38. There is no legitimate hardship to Continental in being compelled to stop and correct its infringing conduct. Public policy also favors the relief that Kodiak seeks.

39. Pursuant to 15 U.S.C. § 1116, Kodiak is entitled to an injunction against Continental's continuing infringement of the Kodiak Trade Dress. Unless enjoined, Continental will continue its infringing conduct.

40. Pursuant to 15 U.S.C. § 1117(a), Kodiak is entitled to monetary damages, an award of costs and, because this is an exceptional case, reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Unfair Competition Under Utah Code §§ 13-5a-101-103)**

41. Kodiak realleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

42. By the acts and omissions set forth above, Continental is violating Utah Code §§ 13-5a-101-103.

43. Continental's acts constitute unlawful infringement of the Kodiak Trade Dress. Continental's acts have caused and are likely to continue to cause a material diminution in the value of the Kodiak Trade Dress.

44. Continental has engaged and continues to engage in these activities intentionally.

45. Continental's acts of trade dress infringement and false designation of origin, unless enjoined by this Court, are causing Kodiak to sustain, and will continue to cause it to sustain, irreparable injury, and Kodiak has no adequate remedy at law.

46. Continental has made and will continue to make substantial profits to which it is not, in law or equity, entitled.

47. There is no legitimate hardship to Continental in being compelled to stop and correct its infringing conduct. Public policy also favors the relief that Kodiak seeks.

48. Pursuant to Utah Code § 13-5a-103, Kodiak is entitled to monetary damages, an award of costs and, because the circumstances warrant, punitive damages.

### THIRD CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

49. Kodiak realleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

50. Continental's willful acts of infringement of the Kodiak Trade Dress constitute unfair competition in violation of Utah common law.

51. Continental has unlawfully sold products using packaging that imitates the Kodiak Trade Dress.

52. Continental's acts have caused and are likely to continue to cause confusion or deception.

## **PRAYER FOR RELIEF**

WHEREFORE, Kodiak respectfully requests that the Court grant judgment for Kodiak and against defendant Continental, as follows:

A. Find and decree that Continental has infringed, and continues to infringe, the Kodiak Trade Dress;

B. Preliminarily and permanently enjoin Continental, and its officers, agents, servants, employees, parents, subsidiaries, affiliates, and attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from continuing to infringe the Kodiak Trade Dress;

C. Direct Continental to provide an accounting of all revenues and profits derived from its use of the Kodiak Trade Dress;

D. Award Kodiak:

a) Continental's profits arising from Continental's aforementioned infringing, deceptive, and improper activities;

b) the damages sustained by Kodiak as a result of these infringing, deceptive, and improper activities, which damages should be trebled by reason of Continental's willfulness;

c) the costs associated with this action, as this Court may determine to be fair and appropriate pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and

d) punitive damages;

D. Find that this is an exceptional case and award Kodiak its attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

F. Award Kodiak such further relief as this Court deems just and proper.

## JURY DEMAND

Kodiak LLC hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

DATED this 8th day of October, 2018.

/s/ Jason D. Boren
Jason D. Boren, Esq.
Lynn Rzonca, Esq. (*pro hac to be submitted*)
Christie L. Larochelle, Esq. (*pro hac to be submitted*)
BALLARD SPAHR LLP
*Attorneys for Plaintiff Kodiak LLC*